UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DONNA L. INMAN, )<br>)<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>**Commissioner of Social Security,** )<br>)<br>    *Defendant* ) | Civil No. 09-29-P-H |

### REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge erroneously failed to consider all of her functional limitations and the testimony of a witness, and that he erred in finding that what he called her past relevant work had been performed at the substantial gainful activity level. I recommend that the court vacate the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the evidence submitted was insufficient to permit a finding as to whether, and to what extent, the plaintiff had engaged in substantial gainful activity since the alleged date of onset, December 29, 2006, Finding 2, Record

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on October 8, 2009, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

at 9 & 7; that she suffered from the severe impairments of osteoarthritis of the left knee, status post arthroscopy, osteoarthritis of the right knee, status post multiple arthroscopies, including a medial femoral condyle chondroplasty, and osteoarthritis of the low back, as well as obesity, a non-severe impairment, Finding 3, *id*.; that none of these impairments, considered alone or together, met or medically equaled the criteria of any of the impairments listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Finding 4, *id*. at 13; that she retained the residual functional capacity to lift no more than 15 pounds at a time, Finding 5, *id*.; that she was capable of performing her past relevant work as a hotel housekeeper, as she performed it, Finding 6, *id*. at 16; and that she therefore had not been under a disability, as that term is defined in the Social Security Act, at any time from the date of application, February 27, 2007, through the date of the decision, September 29, 2008, Finding 7, *id*. The Decision Review Board did not complete its review of the decision during the time allowed, *id*. at 3A-3C, making it the final determination of the commissioner, 20 C.F.R. § 405.420(a)(2).

The standard of review herein is whether the commissioner's determination is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusions drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge in this case reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proof of demonstrating inability to return to past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step the commissioner must make findings of the plaintiff's residual

functional capacity and the physical and mental demands of past work and determine whether the plaintiff's residual functional capacity would permit performance of that work. 20 C.F.R. §§ 404.1520(e), 416.920(e); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

## I. Discussion

### A. Residual Functional Capacity

The plaintiff's first contention is that the administrative law judge erred in defining her residual functional capacity as limited only by a restriction to lifting no more than 15 pounds. Plaintiff's Itemized Statement of Errors ("Itemized Statement") (Docket No. 10) at 2. On this point, the administrative law judge said:

> The *single functional limitation* identified by the claimant's treating physician Dr. Herman (Exhibit B-8F), is that the claimant must forbear from lifting more than 15 pounds. This would permit the claimant to perform her past work as a hotel housekeeper, as she describes having performed it. She estimates that she can lift no more than five to ten pounds (Exhibit B-7E), however.

Record at 15 (emphasis in original).

The plaintiff cites authority for the proposition that the administrative law judge must consider all of the relevant evidence on this issue. Itemized Statement at 2. From all that appears, that is what the administrative law judge did in this case. He discussed the medical evidence at length, as well as the plaintiff's testimony about her symptoms, and gave reasons for his agreement or disagreement with each medical opinion. Record at 14-16.

The plaintiff makes much of the fact that the statement of her treating physician[2] upon which the administrative law judge relied was handwritten on a prescription slip addressed "to

---

[2] At oral argument, counsel for the plaintiff and counsel for the commissioner agreed that the prescription slip reproduced at page 215 of the record is signed by someone other than Dr. Herman, possibly Dr. French, who also treated the plaintiff, *see id*. at 191.

3

whom this may concern." Record at 215. She states categorically that this note "is not a medical source statement." Itemized Statement at 2. She cites no authority for this assertion. The note qualifies as a "medical opinion" under the commissioner's regulations. 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) ("Medical opinions are statements from physicians . . . that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical . . . restrictions."). If the only medical opinions that could be considered by the administrative law judge were ones that included all of the listed factors, there would be little medical evidence that could be considered at all. As a statement from a physician about what the plaintiff "can still do despite impairment(s)," the note qualifies as a medical opinion.

The plaintiff apparently believes, Itemized Statement at 2-3, that the administrative law judge should have disregarded her treating physician's note in favor of the report of Kenneth L. Senter, M.D., who examined her at the request of the state disability determination service. Record at 143-45. But, the administrative law judge discussed his reasons for rejecting Dr. Senter's conclusions, *id.* at 15, and that is all that he is required to do. *See, e.g., Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). The plaintiff does not attack those reasons.[3]

---

[3] The plaintiff also argues that, once he rejected Dr. Senter's findings, the administrative law judge was required to contact the plaintiff's treating physician directly "to inquire whether [he] could be more explicit" about the limitations imposed by the impairments to her knees and low back. Itemized Statement at 4. The regulation she cites in this regard, 20 C.F.R. §§ 404.1512(e) & 416.912(e), states that the commissioner will contact a treating medical professional for more information "[w]hen the evidence we receive from [that individual] is inadequate for us to determine whether you are disabled[.]" In this case, the administrative law judge adopted the treating physician's stated limitation. The plaintiff, who bears the burden of proof with respect to residual functional capacity, did not present evidence from that physician of any other restriction, although she speculates now that he might have offered such additional restrictions if contacted by the administrative law judge. The regulation is not intended to support a claimant in this manner. *See generally Brun v. Barnhart*, 2004 WL 413305 (D. Me. Mar. 3, 2004), at *2 n.4.

4

### B.  Physical and Mental Demands of Past Work

The plaintiff next asserts that the administrative law judge failed to determine the physical and mental demands of her past work as a hotel housekeeper "as required by the case law, regulation and ruling."  Itemized Statement at 3.  She contends that "[w]hile the ALJ made specific findings in his decision as to the Plaintiff's physical demands in her housekeeper job, there is nothing in his RFC assessment to correlate with these findings other than the statement that she can meet the lifting requirement of her former work."  *Id*. at 3-4 (emphasis in original; footnote omitted).  But, again, the applicable regulation only requires comparing the residual functional capacity assigned by the administrative law judge to the physical and mental demands of the claimant's past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  The plaintiff described this job as requiring lifting no more than 10 pounds.  Record at 101.  The administrative law judge complied with the applicable requirement of comparing her past relevant work to her residual functional capacity in this case.

### C.  Substantial Gainful Activity

The plaintiff next contends that the administrative law judge erred in finding that she could return to her former work as a hotel housekeeper because "[t]he record does not support a determination that this job was performed at the level of substantial gainful activity (SGA), a necessary predicate to the judge's findings."  Itemized Statement at 4.  "Past relevant work" is defined as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it."  20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1).  In this case, the administrative law judge found that "[t]he evidence submitted by the claimant is insufficient to permit a finding as to whether, and to what extent, she has engaged in substantial gainful activity since . . . the alleged date of onset of her disability."  Finding 2,

Record at 9. By deciding that she could return to her work as a hotel housekeeper, *id*. at 16, the administrative law judge necessarily decided that the plaintiff had engaged in this work as substantial gainful activity.[4]

The plaintiff contends that the evidence of record establishes that her work as a hotel housekeeper from February through November 2007 did not reach the level of substantial gainful activity and that her testimony that there was less of this work available in the winter months, *id*. at 238, means that she could not have attained that level for the 12-month period from February 2007 to February 2008. Itemized Statement at 5. I agree.

The applicable regulation provides: "If your average monthly earnings are equal to or less than the amount(s) determined under paragraph (b)(2) of this section for the year(s) in which you work, we will generally consider that the earnings from your work as an employee . . . will show that you have not engaged in substantial gainful activity." 20 C.F.R. §§ 404.1574(b)(3), 416.974(b)(3). The Social Security Administration itself determined that the plaintiff's average earnings for the months February 2007 through November 2007 were $846.15, below the $900 per month SGA level. Record at 63. Even if the statement of the plaintiff's attorney that she worked at this job through July 2008, *id*. at 139, is correct, and even assuming a 5% wage increase for the 2008 months over the wages for the 2007 months worked, the monthly average from August 1, 2007, through July 31, 2008, would be $870.83 ($846.15 x 5 + $888.46 x 7 ÷ 12), still below the allowable limit of $900 per month specified by the agency. *Id*. at 63.

---

[4] The administrative law judge complained that the plaintiff "indicate[d] that she intends to obtain appropriate work records" to address this issue but did not do so. Record at 9. In a letter dated August 29, 2008, counsel for the plaintiff informed the administrative law judge that "relevant records are being requested" regarding the possibility that the housekeeper job was substantial gainful activity, adding that it was "unclear as to how much, if any, of this period was at SGA." *Id*. at 139. Apparently, there was no follow-up to this representation. The plaintiff, in turn, complains that "the ALJ made no request of the Plaintiff or her counsel at hearing for additional information on her post-November, 2007, earnings." Itemized Statement at 5-6. Because I conclude that the record contains sufficient evidence to compel a finding that the job at issue did not constitute substantial gainful activity, I need not resolve the underlying dispute.

Therefore, the hotel housekeeper job as performed by the plaintiff was not substantial gainful activity and thus not available to the administrative law judge for consideration as past relevant work at Step 4.  Accordingly, the record lacks substantial evidence to support the administrative law judge's conclusion, and this error requires remand.  *See, e.g., Eksund v. Astrue*, 2009 WL 2519350 (9th Cir. Aug. 19, 2009), at *1; *Stephen v. Barnhart*, 50 Fed.Appx. 7, 9 (1st Cir. 2002).

### D.  Testimony of Sandra Richards

For the benefit of the parties on remand, should the court adopt this recommended decision, I will address the plaintiff's final argument, that the administrative law judge committed reversible error by "disregard[ing] . . . in its entirety" the testimony of Sandra Richards, a physical therapist and friend of the plaintiff.  Itemized Statement at 6-7.  The administrative law judge's opinion does not mention this testimony.  The plaintiff asserts that this omission independently requires remand, but she does not suggest how the outcome of her claim would have been affected by this testimony.

The plaintiff apparently believes that Richards' testimony was entitled to great weight because she made "daily observations" of the plaintiff and was a registered physical therapist.  *Id*. at 7.  I am not sure that the plaintiff has established a violation of 20 C.F.R. §§ 404.1513(d)(4) and 416.913(d)(4), the current version of the regulation she cites, particularly as that regulation is cast in discretionary terms ("we may also use evidence from other sources to show the severity of your impairments").  It may be that this testimony would have an impact on the administrative law judge's consideration of the plaintiff's credibility, given that he mentioned her activities of daily living, the primary subject of Richards' testimony, Record at 242-45, in assessing the plaintiff's credibility, *id*. at 15-16.

I need not decide whether the lack of any mention of Richards' testimony, standing alone, would require remand. It would be advisable, however, for the commissioner to address that testimony on remand.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings consistent with the opinion herein.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 3rd day of November, 2009.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge